

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-18-00740-CV

**IN THE INTEREST OF D.S.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02168
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Irene Rios, Justice
                 Beth Watkins, Justice

Delivered and Filed: February 6, 2019

AFFIRMED

Mom appeals the trial court's order terminating her parental rights to her child D.S.[i]  Mom asserts the trial court could not have found by clear and convincing evidence that terminating her parental rights is in her child's best interest.  We affirm the trial court's order.

### BACKGROUND

On September 27, 2017, based on a report of family violence and drugs in the home, the Department sought permission to take possession of D.S. and to be appointed as his temporary managing conservator.  Then twenty-two-month-old D.S. was removed from his home, the Department was appointed as his temporary managing conservator, and Mom was placed on a

---

[i] To protect the minor's identity, we refer to Mom and the child using aliases.  *See* TEX. R. APP. P. 9.8.

service plan.[ii]  After one year, Mom had not completed her service plan, but she asked for more time to comply.  Citing grounds (O) and (P), and the best interest of the child, the trial court terminated Mom's parental rights to D.S.  Mom appeals.

## EVIDENCE REQUIRED, STANDARDS OF REVIEW

The evidentiary standards[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[3] and factual[4] sufficiency standards of review.  We apply them here.

## BASES FOR TERMINATING MOM'S PARENTAL RIGHTS

**A.      Mom's Course of Parental Conduct**

The trial court found Mom's course of conduct met the statutory grounds (O) and (P).  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O), (P).  On appeal, Mom does not challenge the trial court's statutory grounds findings.

**B.      Best Interests of the Child**

Instead, Mom challenges the sufficiency of the evidence supporting the trial court's finding that terminating her parental rights is in her child's best interest.  *See id.* § 161.001(b)(2).  The Family Code statutory factors[5] and the *Holley* factors[6] for the best interest of the child are well known.  Applying each standard of review and the applicable statutory and common law factors, we examine the evidence pertaining to the best interest of the child.

**C.      Witnesses at Trial**

In a one-day bench trial, the trial court heard testimony from Norma Hays, the Department case worker, and Mom.  The trial court also received recommendations from the child's attorney ad litem.  The trial court was the "sole judge[] of the credibility of the witnesses and the weight to

---

[ii] Because Mom is the only appellant, we recite only those facts that pertain to Mom or the child.

give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam). We summarize the testimony below.

## D. Mom's Plan Compliance

Mom was ordered to complete individual therapy sessions, a parenting course, a domestic violence course, to submit to random drug tests, and to provide a safe, stable home for D.S., but she did not fully comply with her court-ordered service plan.

Mom completed the parenting and domestic violence courses, and counseling sessions with two different counselors. Each counselor recommended that D.S. not be returned to Mom's care.

Mom was ordered to submit to twenty-three drug tests; she missed fifteen of them. For the six she took, on three she tested negative for drugs, but Mom tested positive for amphetamines and methamphetamines three times. Given the three positive tests and the fifteen UAs Mom missed, the case worker is concerned that Mom is continuing to use drugs. Mom asserted she offered to submit a hair follicle sample, but the Department did not respond to her offer.

Mom may not have a stable home. The case worker went by her apartment twice, but it appears empty, and Mom recently changed jobs. Mom did not provide pay stubs to show she is still working. The case worker does not believe Mom can provide a safe home for D.S. and Mom has not shown a willingness to make needed changes. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (7), (8), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G), (H)).

## E. Mom's Relationship with the Child

Mom was authorized visits with D.S., but she did not visit him consistently. Sometimes she missed visits due to work; other times, according to the case worker, Mom's reasons for missing visits "were not acceptable." When Mom visited D.S., her conduct with him was appropriate. Mom appeared somewhat bonded to D.S., but D.S. was less bonded to Mom. Mom

did pay some child support for D.S. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

**F.      Child's Placement**

D.S. has been in foster care for about one year; he's thriving, he's talking, he's improving, he's doing very well, and he and the foster family are bonded to each other. The foster family is meeting all of D.S.'s needs, and they want to adopt him. *See Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G), (H)).

**G.      Ad Litem's Recommendation**

The ad litem reiterated that Mom has had one year to engage in services, but she has only recently engaged in services, and has still not completed all her services. Mom missed fifteen drug tests and tested positive on three, which indicates Mom is still using drugs. The ad litem opined that it is in D.S.'s best interest that Mom's parental rights to D.S. be terminated.

CONCLUSION

Considering all the evidence under the two evidentiary standards, we conclude the trial court could have formed a firm belief or conviction that terminating Mom's parental rights to D.S. is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012).

Because the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence (1) of at least one predicate ground for termination and (2) that termination of Mom's parental rights is in the child's best interest, we affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[1] Clear and Convincing Evidence. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code and terminating the parent's

rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b). Here, the trial court found Mom's course of conduct met the following criteria or ground:

> (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; [and]
>
> (P) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and:
> > (i) failed to complete a court-ordered substance abuse treatment program; or
> > (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

*Id.* § 161.001(b)(1).

[3] Legal Sufficiency. When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *J.F.C.*, 96 S.W.3d at 266). If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient. *See id.* (quoting *J.F.C.*, 96 S.W.3d at 266).

[4] Factual Sufficiency. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *J.F.C.*, 96 S.W.3d at 266; *accord H.R.M.*, 209 S.W.3d at 108.

[5] Statutory Factors for Best Interest of the Child. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:

> (1) the child's age and physical and mental vulnerabilities;
> (2) the frequency and nature of out-of-home placements;
> (3) the magnitude, frequency, and circumstances of the harm to the child;
> (4) whether the child has been the victim of repeated harm after the initial report and intervention by the department;
> (5) whether the child is fearful of living in or returning to the child's home;
> (6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;
> (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;
> (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home;
> (9) whether the perpetrator of the harm to the child is identified;
> (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;
> (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;
> (12) whether the child's family demonstrates adequate parenting skills; . . . and
> (13) whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see* [citations to cases in COA jurisdiction].

---

[6] *Holley* Factors.  The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:

  (A)  the desires of the child;
  (B)  the emotional and physical needs of the child now and in the future;
  (C)  the emotional and physical danger to the child now and in the future;
  (D)  the parental abilities of the individuals seeking custody;
  (E)  the programs available to assist these individuals to promote the best interest of the child;
  (F)  the plans for the child by these individuals or by the agency seeking custody;
  (G)  the stability of the home or proposed placement;
  (H)  the acts or omissions of the parent which may indicate that the existing parent-child relationship
         is not a proper one; and
  (I)  any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).